UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MAYRA DIAZ | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 07-10793-DPW |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
|     Respondent. | ) | |

MEMORANDUM AND ORDER
August 30, 2010

    The petitioner in this long pending pro se motion to vacate her sentence under 28 U.S.C. § 2255 sought a second resentencing on grounds that her counsel at previous sentencings failed to secure a safety valve proffer that might have relieved her from the mandatory minimum 120 month sentence otherwise applicable to her offense.

    I will treat the claim, although inartfully and ambiguously drafted, as one of ineffective assistance of counsel and analyze it under the principles of *Strickland v. Washington*, 466 U.S. 668 (1984).  I will further assume, without resolving the potential factual disputes that may lurk in the unexamined communications between Ms. Diaz and her counsel, that Ms. Diaz can satisfy the first prong of *Strickland* by demonstrating sentencing counsel's performance fell below an objectively reasonable standard of performance.

Turning to the prejudice prong, I find that my own familiarity with the facts and circumstances of the case and in particular my approach to sentencing considerations satisfy me that Ms. Diaz suffered no prejudice by failing to make a safety valve proffer.

In approaching her sentencings, I took a narrow view of Ms. Diaz's role in the criminal activity. Even with that narrow approach, I found the question a close one.  However, given the restricted evidence adduced at trial, I was prepared to give Ms. Diaz the benefit of the doubt in my Guidelines calculation. However, I have been unwilling to reduce the sentence below the minimum mandatory established by Congress even if, after a presumably satisfactory safety valve proffer, the minimum were no longer mandatory.[1]  The evidentiary product of the safety value could not conceivably make matters better for Ms. Diaz, and by opening her to deeper exploration of her role in the criminal activity, might well make the record upon which I would impose a new sentence less favorable for her than the minimum mandatory I imposed at her 2006 resentencing.  In short, she was not prejudiced by the failure to establish safety value eligibility.

Accordingly, the Clerk is directed to DISMISS this § 2255

---

[1] I was prepared to consider sentencing relief, had the government been amenable, to reduce the sentence to facilitate more expeditious deportation.  The government has, however, been content to pay the costs of the defendant's full sentence and the defendant, I am informed, faces deportation upon her unreduced sentence completion date of November 14, 2010.

proceeding.  I note that an amendment last year to Local Rule 22.0(a) of the United States Court of Appeals for the First Circuit underscores that "the district judge [is required] to rule on the issuance of a certificate of appealability when a final order issues."  Accordingly, having carefully reviewed the record in this case in connection with this final order disposing of the instant petition, I find no basis for issuing such a certificate because there has been no substantial showing of the denial of a constitutional right that would be debatable among reasonable jurists or involving questions deserving of yet further proceedings.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE